UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA BEDOLLA, | No. C 08-172 SI (pr) |
| Petitioner, | **ORDER** |
| v. | |
| TINA HORNBEAK, warden, | |
| Respondent. | |

Adriana Bedolla filed a petition for writ of habeas corpus challenging her 2001 conviction in San Benito County Superior Court for assault on a child under the age of eight. The court reviewed the petition, noted that it appeared to be untimely under the habeas statute of limitations, and ordered respondent to file a motion to dismiss or to inform the court that a motion to dismiss appeared unwarranted. Respondent filed a motion to dismiss the petition on the ground that it was not timely filed. The deadline for Bedolla to file her opposition to respondent's motion to dismiss was May 30, 2008. This court has not received any opposition from Bedolla to respondent's motion.

Earlier this month, Bedolla sent a letter indicating confusion about the status of this case. Her letter and attachments suggest that she may have filed her opposition in the wrong court. She wrote that she "mailed a reply to my denial to the U.S. Court of Appeals for the Ninth Circuit. I received an answer and I have enclosed a copy of the documents they sent." Docket # 11. The attachments to her letter were a Ninth Circuit form providing a case number for a petition Bedolla filed in that court and an order in the Ninth Circuit case denying permission for Bedolla to file a second or successive habeas petition. Bedolla did not attach to her letter to this court

the document she had filed in the Ninth Circuit and a "reply to [her] denial" does not make sense under the circumstances. As a result, this court is not certain whether she filed another habeas petition in the Ninth Circuit or instead filed in that court her opposition to respondent's motion to dismiss.

The general procedure for federal habeas actions is that a habeas petition is filed in the U.S. District Court and only after the district court issues its final decision may the losing party file an appeal in the Ninth Circuit. If Bedolla filed a new habeas petition in the Ninth Circuit, that would have been improper because she has to assert all her claims in the habeas petition pending in this court. If Bedolla filed an appeal in the Ninth Circuit. that would have been improper and premature because this court has not yet issued its final decision on her petition. If Bedolla filed her opposition to the motion to dismiss in the Ninth Circuit, that would have been improper because it was supposed to be filed in this court (i.e., the district court).

Finally, Bedolla wants guidance as to what to do next. The court provides guidance based on the most likely scenario, i.e., that Bedolla mailed her opposition to the motion to dismiss to the Ninth Circuit. If that is the problem, she made a mistake and she must file a copy of the opposition in this court no later than **September 30, 2008**. She also must send to respondent's counsel a copy of that opposition and every other document she files in this action. Once the court receives Bedolla's opposition, or this new deadline for her to file it passes, the motion to dismiss will be deemed submitted and the court will issue a decision on the motion – usually within a few months. All filings must have the case number (i.e., No. C 08-172 SI (pr)) on the first page and must be sent to this court at the following address: U.S. District Court, 450 Golden Gate Avenue, San Francisco 94102.

IT IS SO ORDERED.

DATED: August 26, 2008

_____
SUSAN ILLSTON
United States District Judge

2