UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIANA ARZOLA BEDOLLA,       No. C 08-172 SI (pr)

    Petitioner,      **ORDER OF DISMISSAL**

    v.

TINA HORNBEAK, warden,

    Respondent.
_____/

## INTRODUCTION

Adriana Arzola Bedolla, a pro se prisoner, filed a petition for writ of habeas corpus challenging her murder conviction. Now before the court for consideration is respondent's motion to dismiss the petition as untimely.

## BACKGROUND

Bedolla was convicted in 2001 in San Benito County Superior Court of second degree murder, assault on a child under eight years of age by means of force likely to produce bodily injury, resulting in death, felony child abuse, and infliction of cruel or inhuman corporal injury upon a child. With respect to all counts other than the murder, she was found to have inflicted great bodily injury. She was sentenced to 25 years to life in prison.

Bedolla appealed. The California Court of Appeal affirmed the conviction on March 10, 2003, and the California Supreme Court denied her petition for review on May 14, 2003.

Bedolla also filed three state habeas petitions before filing her federal petition. Her petition in the San Benito County Superior Court was filed on May 8, 2004, and denied on

March 22, 2007. Her petition in the California Court of Appeal was filed on April 30, 2007, and denied on May 11, 2007. Her petition in the California Supreme Court was filed on June 4, 2007, and denied on October 10, 2007 as untimely.

Bedolla's federal was not stamped "filed" until January 11, 2008, although the proof of service attached to the petition states that she deposited it in the prison mail on December 20, 2007. Under the prisoner mailbox rule, Bedolla is deemed to have filed her petition in federal court on December 20, 2007. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The first step is to determine when the limitations period began. Bedolla's conviction became final on August 12, 2003, 90 days after the California Supreme Court denied her petition for review. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Bedolla to file her federal petition was August 12, 2004. She missed that deadline by more than four years, so unless she qualifies for enough statutory or equitable tolling, her petition is untimely.

The next step is to determine whether to apply the provision that tolls the one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

1  28 U.S.C. § 2244(d)(2). Bedolla receives tolling for her first two state habeas petitions (i.e., in
2  the San Benito County Superior Court and the California Court of Appeal), but not for the
3  petition filed in the California Supreme Court. This is because the California Supreme Court
4  denied her petition with a citation to In re. Robbins, 18 Cal. 4th 770, 780 (Cal. 1998), see Resp.
5  Exh. E, which is a clear ruling that the petition was untimely. Thorson v. Palmer, 479 F.3d 643,
6  645 (9th Cir. 2007) (denial of petition with citation to Robbins at page opinion discusses
7  timeliness determinations was clear denial on timeliness grounds and therefore petition was
8  neither "properly filed" nor "pending"). Because of the Robbins citation in the denial, Bedolla's
9  petition in the California Supreme Court is not considered to have been "properly filed" or
10 "pending" and therefore does not warrant statutory tolling.[1]

11    By the time she filed her petition in the San Benito County Superior Court on May 8,
12 2004, 270 days of Bedolla's one-year limitations period had already passed. After the denial of
13 her petition in the California Court of Appeal on May 11, 2007, she only had 95 days left in the
14 one-year limitations period but did not file her federal petition until 223 days later.

15    Bedolla does not argue or demonstrate that she is entitled to equitable tolling of the
16 limitations period.

17    Bedolla's federal petition was filed after 493 days of untolled time had passed after her
18 conviction became final. She missed the one-year deadline in the habeas statute of limitations
19 by more than four months. Her petition must be dismissed as untimely.

---

[1] As in Thorson, it is not clear "just which filing delay the California Supreme Court deemed untimely," 479 F.3d at 645, but it was more likely the eleven months before the filing of her initial petition in the superior court than the three weeks before the filing of her petition in the California Supreme Court. However, also as in Thorson, regardless of which delay the California Supreme Court referred to, this court need not dwell on the ambiguity because it does not affect the conclusion that Bedolla's federal petition is untimely. See id. at 646. If the California Supreme Court's untimeliness denial referred to the delay before Bedolla filed her initial petition in the superior court, she would not receive statutory tolling for any of the state habeas petitions and therefore would have missed the federal deadline by an even greater margin.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 7.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: January 26, 2009

_____
SUSAN ILLSTON
United States District Judge